### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY PEZZA | CIVIL ACTION |
| Plaintiff, | DOCKET NO.: 20-6366 |
| v. | |
| LANDSCAPE MAINTENANCE SERVICES, INC. | |
| Defendant. | |

### JOINT PROPOSED CONSENT ORDER

This Consent Order is entered into between Plaintiff, Anthony Pezza, and Defendant, Landscape Maintenance Services, Inc.

1. On May 27, 2020, Plaintiff initiated this single plaintiff action against Defendant alleging violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the Fair Labor Standards Act ("FLSA" - 29 **U.S.C.** § 201 *et. seq.*), the New Jersey Law Against Discrimination ("NJ LAD"), the New Jersey Wage and Hour Law ("NJ WHL" – N.J.S.A. § 34:11-56a, *et seq.*), the New Jersey Conscientious Employee Protection Act ("CEPA" – N.J.S.A. 34:19-1 *et. seq.*), and New Jersey Common Law, seeking, among other damages, back wages for alleged unpaid wages and overtime. Docket Entry No. 1.

2. An employer and employee cannot privately waive the employee's FLSA right to a basic statutory minimum wage and liquidated damages. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). However, as the United States Supreme Court made clear in the *Overstreet v. North Shore Corporation et al.*, 323 U.S. 679 (1944), line of cases, employers and employees may enter into stipulated judgments in settlement of bona fide FLSA disputes. Plaintiffs in the

1

*Overstreet* matter brought suit under the FLSA to recover alleged unpaid minimum wages and overtime. The case was tried in the district court and resulted in a judgment awarding to each plaintiff specific unpaid wages, overtime compensation, penalties, and attorney's fees. 52 F. Supp. 503 (S.D. Fl. 1943). The case was appealed on coverage issues, 143 F.2d 172 (5th Cir. 1944), and reached the United States Supreme Court. The Court, in a per curiam opinion, simply modified the judgments of the District Court <u>in accordance with stipulations signed by counsel for the parties</u>, 323 U.S. 679 (1944)(emphasis added).

3. The Supreme Court later explained in *D.A. Schulte v. Gangi*, 328 U.S. 108 (1946):

> "Even though stipulated judgments may be obtained, where settlements are proposed in controversies between employers and employees over violations of the Act, by the simple device of filing suits and entering agreed judgments, … the requirement of pleading the issues and submitting the judgment to judicial scrutiny may differentiate stipulated judgments from compromises by the parties."
> *Id.* at 928, n.8.

4. Thus, back wage claims arising under the FLSA may be settled or compromised if the employees present to the district court a proposed settlement for scrutiny. *See, e.g., Lynn's Food Store v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Then, "the district court may enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. Nos.: 08-1798(JLL), 10-2461(JLL), 09-6128(JLL)(D.N.J. Mar. 26, 2012), *citing Lynn, supra.*

5. Defendant herein denies that they violated the FLSA, and do not admit liability under any state or federal statute. Neither Defendant's agreement to the terms of this Consent Order, nor any other action taken by Defendant in connection with this Consent Order, constitute any admission by Defendant of any violation of law, duty or obligation.

6.      Nonetheless, in order to conserve time and expense, Defendant and Plaintiff have conferred and have reached an amicable resolution of this matter, herein presented.

7.      After several months of arm's length negotiations, and following a settlement conference before Your Honor on November 19, 2020, Defendant has offered to settle the instant lawsuit, and all claims contained *therein*, in consideration for execution of a Settlement Agreement and General Release all claims by Plaintiff. This sum includes payment for all considered alleged back wages (both claimed straight time and overtime), liquidated damages, punitive damages, and all costs and attorney's fees.

8.      Plaintiff has accepted this offer of settlement, and all Parties find the settlement to be fair and reasonable. Defendant and Plaintiff have, through their counsel, agreed to the attached Settlement Agreement and General Release (provided under separate cover to this Court as "Exhibit A"). Pursuant to their Settlement Agreement and General Release, Plaintiff releases, among other things, any and all claims against Defendant in this matter or otherwise arising out of his employment with Defendant prior to the date of this Consent Order.

9.      In consideration of the monetary and non-monetary provisions set forth above, Plaintiff and Defendant resolve their disputes, waive adjudication on the merits, and agree to dismissal of the claims in this suit with prejudice pursuant to Rule 41.1(b).

10.     The Parties stipulate that this Court has jurisdiction over the claims in this action pursuant to 28 U.S.C. Section 1331. The Parties further agree to this Court retaining jurisdiction over this matter for the purposes of enforcing the terms set forth in the Settlement Agreement and General Release.

Having considered the foregoing, and determined that the settlement is fair and reasonable as represented by the Parties,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

11. All the foregoing terms and conditions be, and the same are, hereby approved and incorporated fully into this Consent Order; and

12. This case is dismissed with prejudice pursuant to Local Rule 41.1(b);

13. The Court shall retain jurisdiction over this matter for 60 days to allow the Parties to consummate settlement; and

14. The Parties to this Consent Order shall endeavor in good faith to resolve informally any difference regarding interpretation of and compliance with the Order and Settlement Agreement and General Release prior to bringing such matters to the Court for resolution.

*/s/ Timothy S. Seiler*
Timothy S. Seiler, Esq.
Karpf, Karpf & Cerutti, P.C.
3331 Street Road
Two Greenwood Sq., Suite 128
Bensalem, PA
(215) 639-0801
Attorney for Plaintiff

Date: March 25, 2021

*/s/ John P. Quirke*
John P. Quirke, Esq.
John P. Quirke and Associates, LLC 2000
376 Harlingen Road
Belle Mead, NJ 08502
Attorney for Defendant

Date: March 25, 2021

Dated: March 26, 2021

_____
The Honorable Zahid N. Quraishi, U.S.M.J.